### JERAULDS *v.* BROWN.

A sale of a quantity of oats to be weighed out of a bin containing a larger quantity, accompanied by payment of the price, does not, before the quantity sold is separated from the bulk, give the vendee title upon which he can maintain trover against the vendor for a conversion of the quantity sold.

TROVER, for 100 bushels of oats. Facts found by a referee. The defendant, having a bin of oats containing more than 200 bushels,

sold 200 bushels of them to the plaintiff, to be weighed out at thirty-two pounds to the bushel. About 100 bushels were weighed out and delivered according to the contract; and it is for failure to deliver the remainder of the 200 bushels on demand that this suit is brought.

The court gave the plaintiff leave to amend by filing a count in assumpsit, and to take judgment thereon for the sum paid for the undelivered oats, with interest, and, in default of such amendment, ordered judgment for the defendant; to which the plaintiff excepted.

*W. N. Armington*, for the plaintiff.

*Drew & Jordan*, for the defendant.

BLODGETT, J. The plaintiff has mistaken his remedy. To sustain trover he must prove a general or special property in the oats, and a right to their immediate custody. The facts prove neither of these requisites, but disprove both. They show a breach of contract by the defendant, and nothing else. For this breach he is amenable, and for this only. The exception is overruled, and unless the plaintiff elects to amend, there will be

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.